**This order is SIGNED.**

Dated: November 8, 2016 

**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**

*uae*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>FRANK P PETERSEN AND<br>JANICE P PETERSEN<br><br>Debtors. | Bankruptcy Number: 16-20042<br><br>Chapter 13<br><br>Honorable William T. Thurman |

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Motion to Avoid Judicial Lien Impairing Homestead Exemption pursuant to 11 U.S.C. § 522(f)[1] (the "Motion").[2] The Chapter 13 Trustee, Lon Jenkins, (the "Trustee") does not dispute that the Debtors may avoid the prepetition lien but has objected to the Motion relying on § 349(b)(1)(B) and claiming that lien avoidance is not effective until the Debtors complete their chapter 13 plan and receive a discharge. The Trustee contends that § 349(b)(1)(B) is intended to protect creditors by avoiding the scenario where a lien is avoided, the property is sold without the lien attached, and the case is thereafter dismissed

---

[1] All future references to "Section" or "§" shall refer to Title 11, United States Code and all references to "Rule" shall refer to the Federal Rules of Bankruptcy Procedure, unless expressly stated otherwise.

[2] Case No. 16-20042, Docket No. 32, Motion to Avoid Judicial Lien Impairing Homestead Exemption. All future references to the Docket will be to Case No. 16-20042, unless expressly stated otherwise.

without a discharge. In the aforementioned situation, the Trustee argues, that without the protections of § 349(b)(1)(B) there would be no way to reattach the lien, and the lienholder would be out of luck and converted to a general unsecured creditor. In addition, the Trustee argues that if the liens are avoided under § 522(f) without the protections of § 349(b)(1)(B), a buyer who purchases the property runs the risk of the liens reattaching to the property when a chapter 13 case is dismissed. The Trustee also argues, in the alternative, that § 105(a) gives this Court authority to condition lien avoidance under § 522(f) in a chapter 13 case. The lienholder, Cyprus Credit Union ("Cyprus"), did not object to the Motion and the Debtors argue that the Trustee lacks standing to object to the Motion.

This matter raises two issues: (1) whether the Trustee has standing to object to the Motion; and (2) whether lien avoidance under § 522(f) is effective immediately or limited under § 349(b)(1)(B) so that it is effective only upon completion of a plan and discharge in a chapter 13 case.

The Court heard oral argument on the Motion on August 26, 2016 and thereafter took the matter under advisement. David M. Cook appeared on behalf of the Debtors, and Ryan Cadwallader appeared on behalf of the Trustee. The Court has carefully reviewed and considered the parties' arguments and submissions and has conducted its own independent research of the relevant case law. The Court issues the following Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this proceeding by Rule 9014 and 7052.[3]

---

[3] Any of the findings of fact herein are also deemed to be conclusions of law, and any conclusions of law herein are also deemed to be findings of fact, and they shall be equally binding as both.

2

As set forth herein, the Court finds that the Trustee has standing to the object to the Motion, and the Court determines that lien avoidance under § 522(f) is effective immediately to recognize the homestead exemption rights of the Debtors for chapter 13 plan consummation purposes. Upon completion of the plan, the judicial lien impairing the homestead exemption may be avoided in its entirety. Thus, the Court grants the Motion.

## I.   JURISDICTION, VENUE, AND NOTICE

The Court has jurisdiction over the parties and subject matter of this contested matter under 28 U.S.C. § 1334. The matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is appropriately laid in the District of Utah under 28 U.S.C. § 1409(a). The parties do not object to venue or jurisdiction and notice is found to be adequate.

## II.   FACTS AND BACKGROUND

The pertinent facts, drawn from the parties' pleadings, the exhibits to the pleadings, and the Court's docket, are few and undisputed:

1. The Debtors commenced this chapter 13 case by filing a voluntary bankruptcy petition on January 5, 2016.[4]

2. The Debtors' Chapter 13 Plan was confirmed on April 6, 2016.[5]

3. The confirmed plan did not list any liens to be avoided under § 522(f).[6]

4. On or about February 29, 2012, Cyprus obtained a judgment against the Debtors in the State of Utah Third District Court in the original amount of $16,784.76.[7]

---

[4] Docket No. 1, Chapter 13 Voluntary Petition.

[5] Docket No. 38, Order Confirming Debtors' Chapter 13 Plan.

[6] Docket No. 2, Debtors' Chapter 13 Plan at ¶ 6(g).

3

5. The Debtors seek to avoid Cyprus's non-consensual prepetition judgment lien recorded on March 23, 2012 against their real property located at 3915 South 4400 West, West Valley City, UT 84120 (the "Property") under § 522(f).

## III. DISCUSSION

### A. Standing of Chapter 13 Trustee

The Debtors argue that the Trustee lacks standing to object to the Motion because § 1302 does not explicitly provide the Trustee with standing to object to the avoidance of a judicial lien impairing a homestead exemption. The Trustee contends that his standing to object to the Motion is found pursuant to § 1302(b), which provides:

> The trustee shall—
> (1) perform the duties specified in sections 704(a)(2), 704(a)(3), 704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7), and 704(a)(9) of this title;
> (2) appear and be heard at any hearing that concerns—
> (A) the value of property subject to a lien . . . .

The Court agrees with the Trustee and finds that the Trustee's standing to object to the Motion is proper pursuant to § 1302(b).[8]

In addition to the Trustee's wide range of powers, the Trustee is a fiduciary; he owes fiduciary duties — to both the debtor and creditors.[9] As stated herein, Cyprus filed an unsecured proof of claim in the amount of $15,698.45. Allowed unsecured claims have received a pro-rata

---

[7] Cyprus filed an unsecured proof of claim in the amount of $15,698.45 on March 29, 2016. *See* Case No. 16-20042, Proof of Claim No. 9-1.

[8] *See Tower Loan of Miss., Inc. v. Maddox (Matter of Maddox)*, 15 F.3d 1347 (5th Cir. 1994) (holding that the Chapter 13 trustee had standing to avoid liens as impairing exemptions to prevent inequitable distribution of payments caused by debtor's failure to avoid lien as impairing exemption).

[9] *See Andrews v. Loheit (In re Andrews)*, 49 F.3d 1404, 1407 (9th Cir. 1995) ("When we examine § 1302 closely, we discern that Congress has given the chapter 13 trustee a broad array of powers and duties.") (citing *Matter of Maddox*, 15 F.3d at 1355).

distribution under the plan of $0.00. However, the Debtors' plan proposed to return the greater of $2,000.00 or the minimum 36-month plan base on allowed non-priority unsecured claims. Consequently, the Trustee believes there may be value that can be distributed to unsecured claimants under the confirmed plan and thus the Trustee has an affirmative duty to ensure that they are properly paid.[10] Accordingly, the Court determines that the Trustee has standing to object to the Motion.

### B. Avoidance of Judicial Lien Impairing Homestead Exemption

Pursuant to 11 U.S.C. § 522(f)(1), a debtor may avoid a judicial lien to the extent it impairs an exemption to which the debtor is entitled. In turn, § 522(f)(2)(A) provides:

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The parties agree that the Debtors are entitled to a $60,000.00 homestead exemption in the Property;[11] JP Morgan Chase Bank, N.A. holds a first mortgage in amount of $324,580.05; Cyprus holds a judicial lien in the amount of $16,784.76; and the Debtors' interest in the Property is valued at $196,900.00. The parties do not dispute that the Debtors may avoid the pre-

---

[10] *See generally Overbaugh v. Household Bank, N.A. (In re Overbaugh)*, 559 F.3d 125, 129-30 (2d Cir. 2009) (stating that the primary purpose of the Chapter 13 Trustee is to serve the interest of all creditors).

[11] *See* Utah Code Ann. § 78B-5-503(2)(b)(ii) (2016).

5

petition lien impairing the homestead exemption according to the following formula set forth in § 522(f)(2)(A):[12]

|  | Value |
|---|---|
| Cyprus's Lien | $16,784.76 |
| JP Morgan Chase Bank, N.A.'s Lien | $324,580.05 |
| Debtors' Homestead Exemption | $60,000.00 |
| **TOTAL Liens and Exemption:** | **$401,364.81** |
| Debtor's Interest in Property (Value) | $196,900.00 |
| Less liens | ($401,364.81) |
| Value of Debtor's Interest | ($204,464.81) |

The Court finds that the Debtors have met all of § 522(f)(2)(A)'s requirements. Cyprus's judicial lien impairs the Debtors' homestead exemption, and therefore the judicial lien should be avoided. The question presented to this Court is whether avoidance of the judicial lien is effective immediately or limited under § 349(b)(1)(B) and only effective upon completion of a plan and discharge in a chapter 13 case.

   1. *Trustee's Argument*

The Trustee argues that § 349(b)(1)(B) allows a bankruptcy court to limit the effects of lien avoidance in chapter 13 cases because the plain language of § 349(b)(1)(B) conditions transfers avoided under § 522(f). He contends that § 349(b)(1)(B) gives a bankruptcy court the power to limit the effects of lien avoidance because of the potential harm creditors face if the chapter 13 case is dismissed before completion of the plan. The Trustee also argues that this

---

[12] *See Zeigler v. Cozad (In re Cozad)*, 208 B.R. 495, 497 (10th Cir. BAP 1997). Cyprus's lien would be avoided in its entirety under the *In re Cozad* calculation or the methods set forth in *In re Miller*, 299 F.3d 183, 186 (3rd Cir. 2002); *In re Lehman*, 205 F.3d 1255, 1257 (11th Cir. 2000) and *Nelson v. Scala*, 192 F.3d 32, 34–35 (1st Cir. 1999).

Court, in the alternative, should rely on its equitable powers pursuant to § 105(a) to condition lien avoidance under § 522(f) in a chapter 13 case.[13]

### 2. Debtors' Argument

The Debtors' primary argument is that the plain language of § 522(f) allows immediate avoidance; case law does not support the Trustee's position; and using § 349(b)(1)(B) to rewrite § 522(f) to include a proposition it does not contain is impermissible.

### 3. Lien Avoidance Effective Immediately for Plan Consummation

When a case is dismissed, an order avoiding a judicial lien under § 522(f) is essentially vacated, because the dismissal reinstates "any transfer avoided under section 522 . . . ."[14] The basic purpose of § 349(b) is to protect creditors by reinstating their liens upon dismissal of a case. Congress' intent upon dismissal is "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."[15] Although the essential purpose of § 349(b) is to protect creditors, the statute does not provide creditors with absolute protection. For example, if the Debtors sell the encumbered

---

[13] The Trustee urges this Court to follow its line of reasoning in *In re Woolsey*, 438 B.R. 432 (Bankr. D. Utah 2010), *aff'd*, 696 F.3d 1266 (10th Cir. 2012) wherein this Court extended the lien avoidance under limits of § 349(b)(1)(B) to § 506(d) with the assistance of § 105(a) and held that "a mortgage lien should not be allowed to be avoided unless a debtor has completely finished the plan and received a discharge. Upon such completion, an order avoiding the lien could be entered." *Id.* at 437. The Court agrees with the Trustee, *Woolsey* is still good law and its line of reasoning applies herein.

[14] 11 U.S.C. § 349(b)(1)(B).

[15] H.R.Rep No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep No. 989, 95th Cong., 2d Sess. 48–49 (1978).

7

property to a third party, the reinstatement and protection provided under § 349(b) becomes meaningless.[16]

The Trustee requests that this Court extend the underlying purpose of § 349(b) to limit the effects of lien avoidance in chapter 13.[17] However, the plain language of § 522(f) does not state that failure to receive a discharge at the completion of a chapter 13 plan reinstates any transfer avoided under § 522(f), and nothing in the Code suggests that avoidance of a lien under § 522(f) is not immediate.[18] In addition, although bankruptcy courts are granted certain equitable powers pursuant to § 105(a), the Supreme Court made clear in *Law v. Siegel* that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."[19] *Law v. Siegel* goes on to state, "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they

---

[16] *See In re Stroud*, 219 B.R. 388, 389 (Bankr. M.D.N.C. 1997).

[17] In addition to *Woolsey*, the Trustee primarily relies on three cases: *In re Prince*, 236 B.R. 746 (Bankr. N.D. Okla. 1999) (preventing entry of judicial lien avoidance in the records until discharge "in order to ensure that the operation of § 349(b)(1)(B) is not impaired"); *In re Harris*, 482 B.R. 899 (Bankr. N.D. Ill. 2012) (same); and *In re Stroud*, 219 B.R. at 390 (same and concluding that "[l]ien avoidance must be conditioned upon Debtor's completion of the Chapter 13 Plan and granting of the discharge in order to ensure that creditors' interests are protected" (citation omitted)).

[18] *See In re Mulder*, No. 810-74217-reg., 2010 WL 4286174, at *3 (Bankr. E.D.N.Y. Oct. 26, 2010) ("This Court finds no support in the Code to use Section 349 as a basis on which to condition Section 522(f) lien avoidance upon entry of a discharge. This position inappropriately assumes that failure to receive a discharge goes hand in hand with dismissal of a case."); *see also In re Ferrante*, No. 09-13098, 2009 WL 2971306 (Bankr. D.N.J. Sept. 10, 2009) (holding that in light of the statutory framework created by the Code, § 522(f) lien avoidance cannot be made subject to any subsequent event).

[19] *Law v. Siegel*, 134 S. Ct. at 1194 (internal quotations and citations omitted).

deem appropriate."[20] "'[T]he court may not refuse to honor the [§ 522] exemption absent a valid statutory basis for doing so,' nor may it add exceptions not found in the statute."[21]

Taking these positions into account, the Court determines that it would not be inconsistent to allow and recognize the homestead exemption rights of the Debtors immediately for chapter 13 plan purposes. In so doing, the Debtors may treat the otherwise secured claim of Cyprus as unsecured for treatment in the plan. However, the Court is reluctant to extend the unsecured status of Cyprus's lien for all purposes unless and until the Debtors complete the plan.[22] The Court believes this two-step approach of removing the judgment lien is consistent with *Law v. Siegel* and gives deference to the statutory scheme enacted by Congress in § 349(b).

## IV. CONCLUSION

Accordingly, the Motion should be granted and the lien impairing the Debtors' homestead exemption may be avoided immediately for plan consummation only. At such time the Debtors complete the plan, the lien should be completely avoided. In the event of a dismissal of this case, prior to completion of the plan, § 349(b)(1)(B) reinstates any transfer avoided under § 522(f). The Court will enter a separate order consistent with this Memorandum Decision that grants the Motion.

_____END OF DOCUMENT_____



---

[20] *Id.* at 1196.

[21] *In re Grant*, No. 16-6062, 2016 WL 5210793, at *3 (10th Cir. Sept. 20, 2016) (quoting *Law v. Siegel*, 134 S. Ct. at 1196).

[22] There is too much at risk for the unsuspecting refinancing creditor or purchaser if the Debtors avoid the judgment lien completely, then the case is dismissed and then the Debtors either sell or refinance. According to § 349, the lien reattaches upon dismissal. A new lending creditor or even buyer would then be faced with such lien. This was the concern of this Court in *Woolsey* and the concern continues with this decision.

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below are registered CM/ECF users.

- David M. Cook    cook@utlawyer.net, cook@utcounsel.com; david@utlawyer.net;hojoatt@hotmail.com; nora@utlawyer.net; debbie@utlawyer.net;howard@utlawyer.net
- Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

**Frank P Petersen and**
**Janice P Petersen**
3915 South 4400 West
West Valley City, UT 84120
   *Debtors*

**David M. Cook**
716 East 4500 South
Suite N240
Salt Lake City, UT 84107
   *Debtors' Attorney*

**Lon Jenkins tr**
405 South Main Street
Suite 600
Salt Lake City, UT 84111
   *Trustee*

**United States Trustee**
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111
   *U.S. Trustee*